UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COYWAE MCFARLANE,**

    **Petitioner,**

v.                                                     **Case No.: 8:19-cv-2478-T-27AEP**
                                                          **Criminal Case No.: 8:14-cr-487-T-27AEP**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** are Petitioner McFarlane's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), and the United States' Response (cv Dkt. 4). Upon review, McFarlane's § 2255 motion is **DENIED**.

## BACKGROUND

In 2015, McFarlane pleaded guilty pursuant to a plea agreement to possession of a firearm and ammunition as a convicted felon (Count One) and an illegal alien (Count Two) and being found in the United States after he was deported for an aggravated felony offense (Count Three). (cr Dkts. 9, 19, 22). He was sentenced to concurrent terms of 71 months on each count. (cr Dkt. 38 at 14). His prior § 2255 motion was granted in part, resulting in the conviction on Count Two being vacated and the charge dismissed. *McFarlane v. United States*, No. 8:15-cv-1320-T-27AEP, ECF: 31.[1]

---

[1] McFarlane's applications for a certificate of appealability from the denial of the remaining claims in his motion were denied. *McFarlane*, No. 8:15-cv-1320-T-27AEP, ECF: 34, 37, 39, 40. And his amended judgment and sentence were affirmed. *United States v. McFarlane*, 753 F. App'x 875 (11th Cir. 2019). The Eleventh Circuit further

1

In this § 2255 motion, McFarlane contends that his guilty plea is invalid because he was not informed that, to support a conviction on Count One, the United States was required to prove that he knew he was a convicted felon. (cv Dkt. 1). The United States responds that the claim is procedurally defaulted and without merit. (cv Dkt. 4). The Court agrees.[2]

## DISCUSSION

Relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), McFarlane contends that because his indictment, plea agreement, and change of plea colloquy failed to include as an element of Count One that he knew he was a convicted felon, his guilty plea is invalid. (cv Dkt. 1 at 4-5). His contention is without merit.[3]

McFarlane pleaded guilty in 2015. *Rehaif* was decided in 2019. (cr Dkt 22, 25). He is incorrect that *Rehaif* applies retroactively to cases on collateral review. (cv Dkt. 1 at 5). Rather, as the Eleventh Circuit has explained, *Rehaif* did not announce a "new rule of substantive law," and "was not made retroactive to cases on collateral review by the Supreme Court." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Moreover, this claim is procedurally defaulted since he did not raise the issue on appeal.[4] *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (noting that

---

found that this motion is not second or successive because the original judgment was vacated and a new judgment was imposed. (cv Dkt. 3-1 at 5).

[2] An evidentiary hearing is unnecessary since the § 2255 motion "and the files and records of the case conclusively show that [McFarlane] is entitled to no relief." 28 U.S.C. § 2255(b).

[3] In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court explained that, to support a conviction under 18 U.S.C. § 922(g), the United States must "show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

[4] The Eleventh Circuit explains:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. . . . Defendants can avoid the procedural bar by establishing that either of the

"[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked" and the "intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review").

McFarlane also contends that his counsel did not understand the elements of the felon in possession of a firearm charge. (cv Dkt. 1 at 5). To the extent he argues that ineffective assistance of counsel excuses his procedural default, or seeks to raise an independent ineffective assistance of counsel claim, a claim of ineffective assistance is due to be denied. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). He cannot show deficient performance or resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009).

As he acknowledges, Eleventh Circuit precedent prior to *Rehaif* did not require the government to prove that a defendant knew he was a convicted felon. (cv Dkt. 1 at 2-3). The Eleventh Circuit has rejected ineffective assistance of counsel claims on this basis. *See United States v. Finley*, No. 19-10717, 2020 WL 1061671, at *2 (11th Cir. Mar. 5, 2020) ("This Court's precedent clearly forecloses an ineffective-assistance-of-counsel claim based on failure to raise an objection that would not succeed under current law, but which could succeed depending on a forthcoming Supreme Court decision."). There was, therefore, no deficient performance on counsel's part.

---

following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.

*Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (citations omitted). Cause requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim previously." *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004) (citations and internal quotation marks omitted). And "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citations omitted). McFarlane provides no evidence in support of an actual innocence claim.

3

Nor can McFarlane show prejudice resulting from any claimed deficient performance. He does not assert in his motion, much less establish, that he would not have pleaded guilty but for counsel's ineffective assistance. First, as the United States observes, McFarlane does not expressly assert that he did not know he was a felon when he possessed the firearm.[5] (cv Dkt. 4 at 6). And by pleading guilty, he received a substantial benefit from his plea agreement. It required the United States to recommend a sentence within the guidelines, allowed for a three-level reduction for acceptance of responsibility, and prevented the United States from bringing additional charges, including those relating to potential aggravated identity theft. (cr Dkt. 19 at 4-5; cr Dkt. 38 at 11-12).

Moreover, McFarlane cites no authority finding a guilty plea invalid because of the failure to address the additional element under *Rehaif* before it was decided. *See Finley*, 2020 WL 1061671, at *4 ("[W]e have held that voluntary and intelligent guilty pleas are not rendered involuntary or unintelligent by subsequent judicial decisions but are enforceable unless a provision in the plea agreement states otherwise."). And apart from the contested element, McFarlane's Rule 11 colloquy belies any claim that the guilty plea was not entered knowingly, intelligently, and voluntarily. (cr Dkt. 40).

During his change of plea hearing, McFarlane confirmed that he understood the charges, had reviewed the facts, evidence, and plea agreement with counsel, that counsel had done

---

[5] The United States contends that the record belies any such contention, noting that although the indictment, plea colloquy, and PSR addressed McFarlane's three prior felony convictions, he did not contest the convictions. (cr Dkts. 9, 30, 40); *see also United States v. Williams*, 776 F. App'x 387, 388 (8th Cir. 2019) (noting that because of defendant's criminal history, he could not show a reasonable probability that the outcome of the proceeding would have been different absent *Rehaif* error); *cf. United States v. Sanders*, No. 4:14CR81-RH-CAS, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15, 2020) (finding that defendant failed to demonstrate actual innocence where he "has suggested no plausible basis for any assertion he did not know he was a convicted felon").

everything he asked (Id. at 8-10), and expressed satisfaction with counsel's representation. (Id. at 10). He denied being forced, threatened, or promised anything outside of the plea agreement (Id. at 7-8), acknowledged the maximum sentences on the charges and that by pleading guilty he was waiving constitutional rights, including the right to a jury trial (Id. at 18-20, 25-27), and stipulated to the factual basis in the plea agreement, which reflected his prior felony convictions. (Id. at 29-32). In sum, his Rule 11 colloquy demonstrates that his guilty plea was knowing, intelligent, and voluntary. (Id. at 34). And he did not object to the Magistrate Judge's Report and Recommendation concerning his guilty plea. *See United States v. Barefoot*, 342 F. App'x 480, 484 (11th Cir. 2009) (finding argument that guilty plea was not entered intelligently and knowingly waived because of failure to object to report and recommendation).

In conclusion, since *Rehaif* is not retroactively applicable and McFarlane's claim is procedurally defaulted and without merit, his § 2255 motion is due to be denied.

### *Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires McFarlane to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling."). Because McFarlane has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner McFarlane's § 2255 motion is **DENIED**. (cv Dkt. 1). The Clerk is directed to enter judgment in favor of the United States and against McFarlane, and to **CLOSE** the case.

**DONE AND ORDERED** this 18th day of May, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of Record